FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 26 PM 4: 55

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL JOHNSON, SR.** | **CIVIL ACTION** |
| versus | **NO. 05-1636** |
| **WARDEN JAMES MILLER** | **SECTION: "M" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

___ Fee_____
_X_ Process_____
_X_ Dktd_____
_X_ CtRmDep____
___ Doc. No____

Petitioner, Carl Johnson, Sr., is a state prisoner incarcerated at the Washington Correctional Institute, Angie, Louisiana. On December 15, 1999, he was found guilty of sexual battery and aggravated oral sexual battery in violation of La.Rev.Stat.Ann. §§ 14:43.1 and 43.4.[2] On December 30, 1999, he was sentenced to a term of seven years imprisonment on the sexual battery conviction and a term of fourteen years imprisonment on the aggravated oral sexual battery conviction. The state district court ordered that both sentences be served at hard labor without the benefit of parole, probation, or suspension of sentence. The court further ordered that the sentences run concurrently and that petitioner be given credit for time served.[3] On December 28, 2001, the Louisiana First Circuit Court of Appeal affirmed petitioner's convictions and sentences.[4] The intermediate appellate court also denied petitioner's application for rehearing on February 6, 2002.[5] The Louisiana Supreme Court denied petitioner's related writ application on January 24, 2003.[6]

---

[2] State Rec., Vol. IV of VII, transcript of December 15, 1999, pp. 173-74; State Rec., Vol. I of VII, minute entry dated December 15, 1999; State Rec., Vol. I of VII, jury verdict forms.

[3] State Rec., Vol. IV of VII, transcript of December 30, 1999, pp. 6-7; State Rec., Vol. I of VII, minute entry dated December 30, 1999.

[4] State v. Johnson, No. 2000-KA-2873 (La. App. 1st Cir. Dec. 28, 2001) (unpublished); State Rec., Vol. V of VII.

[5] State v. Johnson, No. 2000-KA-2873 (La. App. 1st Cir. Feb. 6, 2002) (unpublished); State Rec., Vol. V of VII.

[6] State v. Johnson, 836 So.2d 36 (La. 2003) (No. 2002-KO-0306); State Rec., Vol. V of VII. While petitioner's direct appeal was still pending before the intermediate appellate court, petitioner filed with the Louisiana Supreme Court two other related applications. The Louisiana Supreme Court disposed of those applications prior to the intermediate appellate court's judgment affirming petitioner's convictions and sentences. See State ex rel. Johnson v. State, 799 So.2d 486 (La. 2001) (No. 2001-KH-2625) (denied October 5, 2001, without reasons assigned) and State ex rel. Johnson v. State, 793 So.2d 208 (La. 2001) (No. 2001-KH-1222) (denied June 15, 2001, except that the

While petitioner's case was on direct appeal, he returned to the state district court to file an application for post-conviction relief on February 22, 2000.[7] That application was denied on February 24, 2000.[8] On April 25, 2000, the Louisiana First Circuit Court of Appeal set aside the state district court's ruling on the basis that the lower court lacked jurisdiction to entertain the post-conviction application during the pendency of the direct appeal. Petitioner was instructed that he could file a post-conviction application after his conviction and sentences became final.[9]

On March 14, 2003, petitioner filed an application for federal *habeas corpus* relief, which was docketed in this Court as Civil Action No. 03-0815 "M"(3).[10] In support of that application, petitioner claimed:

1. Petitioner was denied a speedy trial;

2. Petitioner's trial counsel was ineffective; and

3. Petitioner's appellate counsel was ineffective.

Petitioner subsequently amended that application to delete his third claim that his appellate counsel was ineffective. On March 3, 2004, the undersigned issued a report recommending that petitioner's federal application be dismissed without prejudice as a mixed petition because he had not exhausted

---

intermediate appellate court was ordered to provide petitioner with a copy of the appellate record).

[7] State Rec., Vol. II of VII.

[8] State Rec., Vol. II of VII.

[9] State *ex rel.* Johnson v. State, No. 00-KW-0513 (La. App. 1st Cir. Apr. 25, 2000) (unpublished); State Rec., Vol. II of VII.

[10] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

his state court remedies with respect to his ineffective assistance of counsel claim. On April 12, 2004, the United States District Judge approved the Report and Recommendation and dismissed the petition without prejudice for failure to exhaust state court remedies. On May 24, 2004, the United States Fifth Circuit Court of Appeals dismissed petitioner's related appeal for want of prosecution.[11]

On August 16, 2004, petitioner filed with the state district court an application for post-conviction relief alleging that his trial and appellate counsel were ineffective.[12] On August 31, 2004, that application was denied.[13] Petitioner then filed with the state district court documents entitled "Objections for the Record" and "Supplement to Petitioners [sic] Objections for the Record" which were denied on November 8, 2004.[14] Petitioner next filed with the Louisiana First Circuit Court of Appeal applications for supervisory writs challenging the state district court's denial of the post-conviction application and the motion for reconsideration of that denial. Those writ applications were denied on December 1, 2004,[15] and February 7, 2005.[16] Petitioner did not file any writ applications with the Louisiana Supreme Court seeking review of either of those judgments.[17]

---

[11] Johnson v. Miller, No. 04-30432 (5th Cir. May 24, 2004) (unpublished).

[12] Supplemental State Rec., Vol. I of I.

[13] Supplemental State Rec., Vol. I of I.

[14] Supplemental State Rec., Vol. I of I.

[15] State ex rel. Johnson v. State, No. 2004-KW-2199 (La. App. 1st Cir. Dec. 1, 2004) (unpublished); Supplemental State Rec., Vol. I of I.

[16] State ex rel. Johnson v. State, No. 2004-KW-2641 (La. App. 1st Cir. Feb. 7, 2005) (unpublished); Supplemental State Rec., Vol. I of I.

[17] In its response, the state contends that petitioner had filed no such writ applications with the Louisiana Supreme Court. On July 20, 2005, a staff member of this Court confirmed that fact by

On April 22, 2005, petitioner filed the instant application for federal *habeas corpus* relief. In support of this application, petitioner again claims that he was denied a speedy trial and that he received ineffective assistance of counsel. The state argues that the petition is again subject to dismissal because petitioner still has not exhausted his ineffective assistance of counsel claims. The state is correct.

As noted in the Report and Recommendation in Civil Action No. 03-0815 "M"(3), which was adopted by the United States District Judge, petitioner had not at that point given the Louisiana Supreme Court a fair opportunity to review his ineffective assistance of counsel claims. Therefore, he had not exhausted his state court remedies with respect to those claims. See Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999). In that petitioner has filed no writ applications with the Louisiana Supreme Court since that time, the same still holds true. Petitioner cannot simply elect to bypass the state's highest court and proceed directly to federal district court on those claims. Accordingly, petitioner once again presents this Court with a mixed petition that is subject to dismissal without prejudice for failure to exhaust state court remedies.

Nevertheless, the undersigned recommends that petitioner's federal application be dismissed *with* prejudice because it is not timely filed.[18] Generally, the Antiterrorism and Effective

---

calling the Office of the Clerk of the Louisiana Supreme Court.

[18] The AEDPA's statute of limitations is an affirmative defense, rather than a jurisdictional mandate. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998). Consequently, the limitations defense may be waived, but the waiver must be express and intentional. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998).
    In its response in the instant case, the state miscalculates the finality date of petitioner's conviction and the date on which the federal statute of limitations began running. Under a proper calculation, based on clearly established precedent from the United States Supreme Court and United States Fifth Circuit Court of Appeals, petitioner's federal application is not timely filed. The state

Death Penalty Act of 1996 ("AEDPA") requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence became final. 28 U.S.C. § 2244(d)(1)(A).[19]

---

could not have intended to commit error or mistake through its counsel's miscalculations in the response and thus did not expressly waive its limitations defense by incorrectly concluding that the petition is timely. See Simpkins v. Washington Metropolitan Area Transit Authority, 2 F. Supp.2d 52 (D.D.C. 1998) (calculation error based on mistake did not constitute waiver of limitations defense). Furthermore, this Court is not required to accept a waiver, either express or implicit, where it is not judicially warranted. Kunkle v. Dretke, 352 F.3d 980, 989-90 (5th Cir. 2003), cert. denied, ___ U.S. ___, 125 S.Ct. 250 (2004); Graham v. Johnson, 94 F.3d 958, 970 (5th Cir. 1996). For these reasons, the Court finds that the state has not waived the limitations defense through its counsel's inaccurate calculation of the limitations period.

Accordingly, *petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is sua sponte raising the issue of limitations and that petitioner must submit any evidence or argument concerning the limitations defense as part of any objections he may file to this report.* Magouirk, 144 F.3d at 348.

[19] 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As noted, on January 24, 2003, the Louisiana Supreme Court denied petitioner's writ application challenging the intermediate appellate court's judgment affirming his convictions and sentences. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's one-year period for seeking federal *habeas corpus* relief commenced no later than April 24, 2003, i.e. ninety (90) days after the Louisiana Supreme Court's judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, petitioner's federal *habeas corpus* statute of limitations expired one year later, on April 26, 2004,[20] unless that deadline was extended through either statutory or equitable tolling.

The Court first looks to statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. See Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, from April 24, 2003, until April 26, 2004, petitioner had no applications for post-conviction relief or other collateral review pending in state court to toll the AEDPA's one-year statute of limitations.[21]

---

[20] Because April 24, 2004, fell on a Saturday, the AEDPA statute of limitations was extended until the end of the following Monday, April 26, 2004. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

[21] The Court notes that petitioner's first unexhausted federal *habeas corpus* petition in Civil Action No. 03-0815 "M"(3) was pending before this Court during that period. However, the law is clearly settled that a pending *federal* application does not toll the AEDPA's statute of limitations. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1533 (2005); Duncan v. Walker, 533 U.S. 167, 181-

The Court next considers possible equitable tolling. The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.[22]

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 26, 2004, in order to be timely. Petitioner's federal application was filed no earlier than April 22, 2005,[23] and it is therefore untimely.

---

82 (2001). Moreover, the Court notes that at the time petitioner's first federal application was dismissed, his federal statute of limitations *had not yet expired*. If he had pursued his subsequent state post-conviction application and the instant federal application with diligence and alacrity, he could have presented his claims to this Court in a timely manner. He did not do so.

The Court also notes that petitioner filed a post-conviction application with the state district court on August 16, 2004. However, because that application was filed after the expiration of the AEDPA's one-year statute of limitations, the application and the related appellate court proceedings have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civil Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civil Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

[22] Petitioner is not entitled to equitable tolling for the period of time his prior federal application was pending. See Mercadel v. Cain, No. 03-30586, 84 Fed. Appx. 456 (5th Cir. Jan. 7, 2004) (unpublished) (available on Westlaw).

[23] Petitioner signed his federal application on April 22, 2005. Rec. Doc. 5. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem the *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Carl Johnson, Sr., be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fifth day of July, 2005.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**